# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ANNE JONES,

    Petitioner,

    v.

STATE OF DELAWARE,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N18X-01-018

## ORDER

### Date Decided: June 4, 2018

## Procedural Background

On May 31, 2017 Anne Jones (Petitioner) was arrested subsequent to a domestic altercation in their home.[1] Petitioner was charged with menacing, terroristic threatening, and possession of a deadly weapon during the commission of a felony (PDWDCF). On June 16, 2017 the State entered a *nolle prosequi* on the charge of PDWDCF and the remaining charges were filed with the New Castle County Family Court. On November 13, 2017 those charges were dismissed by the Family Court. Petitioner sought and was granted expungement of the menacing and terroristic threatening arrests before the Family Court. The petition before the

---

[1] In pursuit of the expungement statute's goal for individuals to be free from improper and unwarranted intrusions into their privacy the Court has supplied a pseudonym for Petitioner.

Family Court was unopposed by the State. Petitioner filed their Petition for Expungement of the PDWDCF arrest in this Court. In contrast to their position before the Family Court the State opposed this Petition. On February 21, 2018 Petitioner was denied expungement by the Commissioner of this Court and this appeal was filed. This Order follows a review of the briefings and a hearing before the Court on May 20, 2018.

## Parties Contentions

Petitioner's argument relies on the statutory language of the expungement statute alleging their current employment may be at risk and potential for advancement will be hindered. Petitioner was required to undergo a criminal background check prior to employment and will likely be subjected to further review should they choose to advance within his current employer.

The State takes the position that given the seriousness of the charges and potential for repeat offenses by Petitioner, law enforcement officers responding to future incidents would be hindered in their duties by not having the expunged records at their disposal. The State is of the opinion that expungement may be appropriate at some time in the future, however that decision is at the discretion of the Court. The State supports the Commissioner's Order that if Petitioner is without incident for "a couple of years" then expungement may be appropriate at that time.

The State also argues a liberal interpretation of the statute would result in an overbroad application of the law. The State contends that granting expungement when the sole argument is based on potential negative employment outcomes the Court would effectively make all expungements mandatory.

## Analysis

Under Superior Court Civil Rule 132(a)(4)(iv) a judge engages a de novo review of a Commissioner's Findings of Fact and Recommendations. Eleven *Del C. Chapter* 85 provides the statutory framework for establishing the State Bureau of Identification. The purpose of the chapter is to ensure accurate records of an individual's criminal history balanced against "the right of individuals to be free from improper and unwarranted intrusions into their privacy"[2] The statute directs all law enforcement agencies in the state to report and the bureau to maintain records of all arrests made within the State.[3] This information is readily accessible by individuals and employers.[4]

To prevent innocent individuals from experiencing unwarranted prejudice the Legislature has provided a statutory framework for the expungement of criminal records under 11 *Del. C. Chapter* 43. The General Assembly speaks

---

[2] 11 *Del. C.* § 8501 (a)
[3] 11 *Del. C.* § 8506 and §8507.
[4] 11 *Del. C.* § 8513

directly to the case at bar; "arrest records can be a hindrance to an innocent citizen's ability to obtain employment … This subchapter is intended to protect innocent persons from unwarranted damage which may occur as the result of arrest and other criminal proceedings which are unfounded or unproven."[5] An individual may only petition the Court for expungement for criminal actions terminated in favor of the accused.[6] Favorable terminations include acquittals, successful completion of probation before judgment, and an entrance of *nolle prosequi* on all charges related to a case.[7]

Given the severity of the charge the arrest record before the Court falls within the scope of the discretionary expungement statute. For an order of expungement to be granted under 11 *Del. C.* § 4374 the petitioner bears the burden of proving by a preponderance of the evidence that information related to the arrest may cause circumstances resulting in manifest injustice.[8] The Petitioner must provide specific facts supporting allegations of such injustice.[9] The Attorney General is made a respondent to the action and may object to or respond to a petition for discretionary expungement.[10]

---

[5] 11 *Del. C.* § 4371
[6] 11 *Del. C.* § 4372
[7] *Id.*
[8] 11 *Del. C.* § 4374 (c).
[9] *Id.*
[10] 11 *Del. C.* § 4374 (b)

At a hearing before this Court, Petitioner maintained the allegation that allowing arrest records for charges that were *nolle prosequied* to remain on their record is manifestly unjust. The Court considered the facts of this case and finds that expungement is proper for Petitioner.

The statute's mandate is clear. Innocent persons are to be protected from unwarranted damage occurring from an arrest. Previous convictions are "prima facie evidence that the continued existence … of information relating to the arrest in question does not constitute a manifest injustice to the Petitioner."[11] The Court finds the inverse to be true; a lack of previous criminal convictions coupled with favorable termination of charges brought against an individual is prima facie evidence that the continued existence of information related to the arrest in question constitutes a manifest injustice to the Petitioner. This can be extrapolated to include charges brought at the same time that have subsequently been expunged.

The State is correct in its assertion that expungement of the PDWDCF falls within the discretionary expungement statue, but makes an unconvincing argument related to time elapsed since the arrest and severity of the charge. This Court is not convinced by the State's argument that expungement is improper at this time based on the interests of law enforcement officers investigating possible future criminal

---

[11] 11 *Del. C.* § 4374(c)

activity. There is no language in the statute that requires the Court to consider these factors.

The Court considers the statutory language of manifest injustice most convincing. In the instant case Petitioner has an arrest record for PDWDCF. To be convicted for PDWDCF a finder of fact must first find a defendant guilty of a felony. To allow a charge of any offense predicated by the commission of a felony to remain on an innocent person's criminal record with nothing more would be manifestly unjust. An arrest record for an offense predicated by the commission of a felony would inevitably lead to questions about what felony an individual had been arrested for, but which is not reflected in their criminal history.

The Court finds allowing the PDWDCF arrest to remain on Petitioner's record to be a manifestly unjust hindrance to Petitioner's employment. The Commissioner's March 28th Order is **REVERSED**.

**IT IS SO ORDERED.**

**Judge Calvin L. Scott, Jr.**